UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUMMIT LOCATIONS, LLC, *et al.* | ) | CASE NO. 5:24-cv-00599-JRA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| BOARD OF TRUSTEES, BATH | ) | |
| TOWNSHIP, OHIO, et al. | ) | **ORDER AND DECISION** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The matter pending before the Court is two-fold. First, is a *Motion to Dismiss in Lieu of Answer to First Amended Complaint* filed by Defendants Bath Township Board of Trustees, William Funk, and Nanci Noonan (Doc. 25). Plaintiffs Summit Locations, LLC and Huntington Outdoor, LLC have opposed that motion (Doc. 29). Second, is a *Motion for Partial Summary Judgment* filed by Plaintiffs (Doc. 34). Defendants have opposed that motion (Doc. 40). Both matters are fully briefed. Having reviewed the briefing, the Court hereby GRANTS Defendants' motion to dismiss and DENIES AS MOOT Plaintiffs' motion for partial summary judgment. Accordingly, this matter is DISMISSED.

**I.  Facts**

This action arises out of a denied application for an "off-premises sign." The material facts are not in contention. Plaintiffs filed an application with Defendants to build a billboard at 4585 Medina Road, Bath, Oh 44333, Parcel Number 0407314. The application for Plaintiffs proposed a billboard 36' wide by 20' high affixed to a single pole, thus consisting of 720 square feet of area.

Doc. No. 25-1, PageID# 568. The application was returned to Plaintiffs with an X drawn across the paper with the reasoning: "Dylan, we are returning this as no 'off-premise' signs are permitted. Thank you." Doc. No. 34-1, PageID# 830. Defendants also contend in this matter that the application for the billboard "violated several other provisions as well, including the ban on pole signs and the height and size restrictions." Doc. No. 25-1, PageID# 565.

The law in question, Bath Township Zoning Resolution, defines an "off-premises sign" as "[a]ny sign, including billboards, that advertises or otherwise directs attention to an activity not on the same parcel where the sign is located." Bath Township Zoning Resolution, Section 1603. The resolution then bans "off-premises signs." Bath Township Zoning Resolution, Section 1306-F. Additionally, the law also restricts the square footage of the size of the sign to twenty feet. Bath Township Zoning Resolution, Section 1308-A(1)(C). The law restricts the height of the sign to four feet. Bath Township Zoning Resolution, Section 1308-A(1)(D). Signs installed by certain categories are exempt from making a sign permit and paying a fee. Bath Township Zoning Resolution, Section 1307-A.

Plaintiffs assert that Defendants' denial of their billboard application exceeded Defendants' power under R.C. § 519.20, as well as violated Plaintiffs' rights under the First Amendment and Article I, Section 11 of the Ohio Constitution. Doc. No. 22, PageID# 344. Defendants emphasize that *Midwest Media Property v. Symmes Twp.*, 503 F.3d 456 (6th Cir. 2007), effectively forecloses this action because Plaintiffs have failed to address all the potential violations in their billboard application and thus lack standing.

## II. Procedural History

On April 2, 2024, Plaintiffs filed a Complaint requesting declaratory relief, injunctive relief, and money damages, asserting that the Township exceeded the bounds of its power and

deprived Plaintiffs of certain rights. Doc. No. 1. On July 1, 2024, Defendants filed their answer to the complaint. Doc. No. 16. Then, on October 10, 2024, Plaintiffs filed a motion for leave to amend the complaint (Doc. No. 20), which was granted by the court on October 18, 2024 (Doc. No. 21). On October 24, 2024, Plaintiffs filed their First Amended Complaint. Doc. No. 22.

Instead of filing an Amended Answer, on December 13, 2024, Defendants moved to dismiss the case. Doc. No. 25. On January 27, 2025, Plaintiffs filed their opposition to the motion to dismiss. Doc. No. 29. On February 10, 2025, Defendants filed their reply brief to the motion to dismiss. Doc. No. 32. Then, while the motion to dismiss was pending, Plaintiffs filed a motion for partial summary judgment on February 28, 2025. Doc. No. 34. On March 7, 2025, this Court granted a request by the parties to stay the matter pending the resolution of the motion to dismiss, with the exception that the parties could complete the briefing of the motion for partial summary judgment. Doc. No. 35. On April 25, 2025, Defendants filed their opposition to Plaintiffs' motion for partial summary judgment. Doc. No. 40. On May 22, 2025, Plaintiffs submitted their reply brief regarding the motion for partial summary judgment. Doc No. 43.

### III. Standards of Review

The Supreme Court and the Sixth Circuit have stated the standard for reviewing a motion to dismiss in several cases. The Supreme Court has stated "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Sixth Circuit has clarified that a court may not grant a Rule (12)(b)(6) motion to dismiss merely because it may not believe the plaintiff's factual allegations. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). However, the plaintiff must still plead more than bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable

legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Supreme Court further clarified the standard by explaining that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Additionally, the Court said, "even though a complaint need not contain 'detailed' factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). This Court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If subject matter jurisdiction is lacking, this Court cannot adjudicate the action. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: (1) facial attacks, and (2) factual attacks. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Regardless of the type of attack, the plaintiff, as the party invoking federal subject matter jurisdiction, bears the burden of persuading the Court that subject matter jurisdiction exists. *Dismas Charities, Inc. v. United States DOJ*, 401 F.3d 666, 671 (6th Cir. 2005).

### IV. Analysis

Plaintiffs face a motion to dismiss that would moot their motion for partial summary judgment. The motion to dismiss argues that Plaintiffs failed to address constitutional standing because they failed to challenge all relevant provisions of the law that their billboard application violates. As such, this Court will review the merits of Defendants' motion to dismiss first.

Standing has three elements. First the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Id.* at 560-61. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 561.

Both parties agree that Plaintiffs have an injury in fact and that there is a causal connection between the injury and the conduct complained of in this suit. The matter before the Court, therefore, is whether there is redressability of the claim at hand.

As Defendants have presented, the Sixth Circuit has already addressed a case that is very similar to the matter at hand. In *Midwest Media*, the plaintiff sued the defendant for violations of the First Amendment due to the defendant's ordinance on off-premises signs. *Midwest Media,* 503 F.3d at 460. The trial court granted the defendant's motion for summary judgment on standing grounds. *Id.* On appeal, the Sixth Circuit held,

> Having chosen not to challenge the size and height regulations and having filed nine applications to post a sign in the township that violated these regulations, plaintiffs cannot tenably show that success in challenging other regulations of the sign ordinance will redress any injury caused by these regulations. For even in the absence of these regulations--even if, consistent with the relief sought in plaintiffs' complaint, our court invalidated them--that would not redress plaintiffs' injury because the size and height restrictions still would preclude the township from approving their sign applications and thus still would preclude plaintiffs from erecting each of these signs.

*Id.* at 461-62. The parties agreed that Defendants denied Plaintiffs' billboard application solely because it was an off-premises sign. Yet, despite the denial reason, Defendants argue that Plaintiffs'

billboard application violates other parts of the Zoning Resolution, which would have resulted in the denial of Plaintiffs' application in any situation.

Plaintiffs strenuously argue that the Court should not apply the straightforward logic of *Midwest Media*. Plaintiffs assert that in *Midwest Media*, certain provisions were rescinded prior to final resolution – a situation not presented under the facts here. However, the rescission of those provisions is not what drove the Circuit's decision. In fact, the Circuit noted that "[e]ven if plaintiffs could show that the township's original off-premises advertising ban (or its sign-approval process) violated the First Amendment," they would still fail to demonstrate redressability based upon the failure to challenge other restrictions that would have resulted in the denial of their application.

Plaintiffs further argue that these additional size restrictions are simply inapplicable. Plaintiffs alleged that by banning billboards in their entirety, Defendants cannot claim that any other provision in the Zoning code is applicable to them. The Court cannot agree. Section 1302-A provides that the provisions of Article 13, "apply to any sign, in any zoning district, that is visible from the public right-of-way or from property other than the property on which the sign is located." In addition, within Article 13 is the express prohibition on signs larger than 20 square feet. Accordingly, Plaintiffs' proposed billboard would remain subject to that restriction even if this Court were to invalidate the off-premises provision of the Zoning ordinance.

Based upon the above, the Court finds that Plaintiffs have failed to demonstrate standing on their sole federal claim. While the Court makes this finding against Plaintiffs' federal claim, the Court expressly declines supplemental jurisdiction over the state law claim. However, based upon

the state of the law, the Court would strongly encourage the parties to work through a resolution to avoid further litigation.[1]

V.  Conclusion

For the reasons stated above, Plaintiffs' motion for partial summary judgment is DENIED AS MOOT, and Defendants' motion to dismiss is GRANTED. This matter is hereby DISMISSED as detailed above.

IT IS SO ORDERED.

September 19, 2025                    /s/ Judge John R. Adams
                                      JUDGE JOHN R. ADAMS
                                      UNITED STATES DISTRICT COURT

---

[1] Other courts have addressed Plaintiffs' injuries related to the state claim. *See Summit Locations, LLC v. Bd. of Trs.*, No. 1:23 CV 779, 2023 U.S. Dist. LEXIS 166173, at *8 (N.D. Ohio Sep. 19, 2023) ("[T]he Court has determined that Defendants' ordinance at issue is in conflict with R.C. 519.20 and is therefore void"); *Senuta v. Bos. Twp.*, 2024-Ohio-4661, ¶ 17, 254 N.E.3d 673, 679 (Ct. App.) ("This Court does not agree and concludes that the trial court erred in concluding that Section 1201.07(h) and Section 1201.03 did not conflict with R.C. 519.20"); *Hasman v. Genesis Outdoor*, 2003-Ohio-923, ¶ 12 (Ct. App.) ("However, the power to regulate does not authorize a township to arbitrarily apply its zoning resolutions in an attempt to limit or otherwise interfere with a permissible use of property, i.e., a use allowed under R.C. 519.20"); *Am. Outdoor Advert. Co., LLC v. Franklin Twp. Bd. of Zoning Appeals*, 2008-Ohio-3063, ¶ 24, 177 Ohio App. 3d 131, 137, 894 N.E.2d 78, 83 ("[W]e conclude that the prohibition set forth in Section 501.3.C of the FTZR is in direct conflict with the permissible uses of lands codified under R.C. 519.20. Framed in the chosen vernacular of the Supreme Court of Ohio, Section 501.3.C forbids or prohibits that which the general law clearly permits or licenses"). Given these decisions, it would appear wise for the parties to reach a resolution without further litigation.